**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCEL HAWKINS,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW F. SKALA, ESQUIRE and his law firm,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-cv-689<br><br>Magistrate Judge Patricia L. Dodge |

**MEMORANDUM OPINION**

Plaintiff Marcel Hawkins ("Hawkins") brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against his former criminal defense attorney, Andrew F. Skala ("Skala"). The claims arise out of Skala's representation of Hawkins during pretrial proceedings, including a suppression hearing, and at a jury trial on August 6, 2024, which resulted in his criminal conviction and sentence to two to seven years' imprisonment.[1] Hawkins alleges both that he was denied the effective assistance of counsel under the Sixth Amendment to the United States Constitution and that Skala committed malpractice under Pennsylvania law.

Presently pending before the Court is Skala's motion to dismiss (ECF No. 38). For the reasons that follow, the motion will be granted and the federal claims will be dismissed with prejudice. Moreover, to the extent that the Complaint alleges a state law claim for malpractice, the claim will be dismissed pursuant to 28 U.S.C. § 1367(c)(3).[2]

---

[1] At the time he filed the Complaint, Hawkins was being held at the Westmoreland County Prison. He has subsequently submitted multiple notices of change of address indicating that he was incarcerated at two state correctional facilities, SCI Smithfield and SCI Laurel Highlands, and finally that he was living at a private address in the Pittsburgh area, presumably as a result of being released from custody.

[2] The parties have fully consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (ECF Nos. 42, 45.)

## I. Procedural History

On May 20, 2025, Hawkins submitted a civil rights complaint along with a motion for leave to proceed in forma pauperis ("IFP"). He later submitted an Amended Complaint on June 17, 2025. After various deficiencies were corrected, the motion to proceed IFP was granted and his Amended Complaint was docketed on December 3, 2025 (ECF No. 18).

On April 20, 2026, Skala filed a motion to dismiss (ECF No. 38), which has been fully briefed (ECF Nos. 39, 52, 54).[3]

## II. Relevant Facts

### A. Summary of Facts Alleged in Amended Complaint[4]

Hawkins alleges that on May 9, 2021, he was unconstitutionally stopped by officers of the New Kensington Police Department, who were looking for someone else. A search of the vehicle revealed a small amount of marijuana that belonged to the owner of the vehicle, not to Hawkins, Hawkins was strip searched and his blood was drawn but was released that same night without being charged.[5]

The Amended Complaint then alleges that Hawkins told Skala, his court-appointed attorney, during a two-hour phone call that he wanted these issues to be raised. But Skala did not raise these issues at a subsequent suppression hearing. Skala also failed to challenge a police officer who falsely testified that Hawkins admitted to smoking marijuana prior to the time he was stopped. On August 6, 2024, Judge Mears denied Hawkins' suppression motion because of a withheld

[3] Hawkins' response also includes an alternative request to further amend the Amended Complaint. As explained herein, the Court concludes that such amendment would be futile.
[4] As Skala observes, Hawkins did not use the Complaint form, number his paragraphs or otherwise conform to the standards for filing a Complaint. Nevertheless, the Court will endeavor to summarize his allegations.
[5] A review of the Criminal Docket reveals that Hawkins was charged in the Court of Common Pleas of Westmoreland County, as outlined herein.

report. Moments later, the trial occurred, and Hawkins was convicted based on Skala's "bad legal malpractice." (Am. Compl. at 1.)

Hawkins subsequently looked at the written transcripts, which revealed not only that Skala failed to raise issues that Hawkins wanted him to raise, but also that Skala was in a meeting with the district attorney and Judge Mears just before the suppression hearing without Hawkins' knowledge. Hawkins discovered forged documents, including the chain of custody report. Further, a witness, Sgt. Hess, falsely testified that Hawkins was the target of the investigation, but Skala did not address this issue. (*Id.* at 2.)

Hawkins alleges that Skala also failed to challenge a lab technician who falsely testified that he tested positive for drugs that were not in his system. When Hawkins asked Skala to order the written transcript of the proceeding to demonstrate this perjured testimony, Skala refused to do so. The Commonwealth never proved that Hawkins possessed cocaine and Skala failed to raise this as well.

According to Hawkins, Skala "violated my attorney client privileges, participated in poor legal malpractice, was very ineffective and violated numerous other misconducts, and I Marcel Hawkins suffered [due] to his neglect and poor decision making." (*Id.* at 3.) In a handwritten addition at the end of his Amended Complaint, he notes that he told Skala about a witness (Alice Pryor) who would have testified that the marijuana belonged to her, but Skala denied his request to call her and thereby "violated my 6th Amendment [rights] and Rule 8.4, 42 Pa. C.S.A." (*Id.*)

B. <u>Publicly Available Information</u>

While Hawkins states in his Amended Complaint that he was not charged, a review of the Westmoreland County criminal docket reveals that with respect to events that occurred on May 9, 2021, Hawkins was charged with three counts of DUI (including use of a controlled substance and

alcohol), possession of a controlled substance, possession of marijuana, use/possession of drug paraphernalia, and blood alcohol content of .02 or higher-third offense. While the docket is somewhat unclear, it appears that on November 20, 2024, after Hawkins was adjudicated guilty on all charges, he was sentenced to terms of imprisonment on certain of these charges.

## III. Standard of Review

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

When dismissing a civil rights case for failure to state a claim, a court typically must allow a plaintiff to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive

a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In addition, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court has examined the docket sheet from Hawkins' criminal case, CP-65-CR-0002213-2021, from the Court of Common Pleas of Westmoreland County, which it may consider in its analysis given that it is a public record.

## IV. <u>Analysis</u>

The Amended Complaint asserts that Hawkins' claims are brought pursuant to 42 U.S.C. § 1983, which applies when a person has acted "under color of state law" to deprive a plaintiff of his constitutional rights. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S.

386, 394 (1989).

Skala argues that Hawkins does not cite a specific constitutional provision that was violated in this case. As noted above, however, on the last page of his Amended Complaint, Hawkins states that Skala "violated my 6th Amendment [rights] and Rule 8.4, 42 Pa. C.S.A."[6] (Am. Compl. at 3.) Thus, as to his constitutional claim, Hawkins may be alleging he was denied the effective assistance of counsel in violation of the Sixth Amendment. However, the Amended Complaint fails to state a claim because Skala did not act under color of state law.

A. Lack of State Action

Skala first argues that he cannot be sued under § 1983 because he is not a state actor. As cited above, the statute applies when a person has acted "under color of state law" to deprive a plaintiff of his constitutional rights. Section 1983 does not apply to private individuals involved in purely private actions.

"Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citations omitted). As the Supreme Court has explained:

> In our system a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interests of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

*Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981) (footnotes omitted). Indeed, even "public defenders and court-appointed counsel acting within the scope of their professional duties are

---

[6] It appears that Hawkins is referencing Rule 8.4 of the Pennsylvania Rules of Professional Conduct. Title 42 of the Pennsylvania Consolidated Statues relates to Judiciary and Judicial Procedure.

absolutely immune from civil liability under § 1983" for this same reason. *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (citation omitted).

Moreover, Skala also argues that, for the same reason, Hawkins cannot state a claim of conspiracy (to the extent he is attempting to do so) under 42 U.S.C. § 1985(3): "[M]ere conclusory allegations of deprivations of constitutional rights" are insufficient to state a § 1985(3) claim." *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (citation omitted).Thus, Hawkins cannot simply allege that Skala conspired with state actors, such as the district attorney, to violate his rights because "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (citation omitted).

Because Skala was not a state actor when he acted as Hawkins' appointed defense counsel in his criminal case, he cannot be sued under § 1983. Based on the futility of this claim, amendment could not cure its deficiencies. Therefore, the motion to dismiss should be granted and the claims against Skala dismissed with prejudice.[7]

B. Impact of *Heck v. Humphrey*

Skala also argues that the Complaint should be dismissed based on the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

[7] As noted above, Hawkins has already amended his Complaint once. In addition, the factual allegations he makes in his brief in opposition to the motion to dismiss do not cure the fundamental deficiencies identified herein. Indeed, they do not even address the issues raised by Skala regarding state action or the *Heck* bar.

> or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted).

Courts have held that the types of claims raised by Hawkins are barred. *See Felgar v. Hummel,* 2006 WL 3591918, at *4 (W.D. Pa. Dec. 11, 2006) ("in light of Plaintiff's allegation that Attorney Hummel has conspired together with Jefferson County to maliciously use their procedures to convict Plaintiff on the current charges, Plaintiff's claims against Defendant Hummel are barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit unless the conviction, has, in effect, been overturned."); *Stawarz v. Rojas*, 2007 WL 1653742, at *4 (W.D. Pa. June 6, 2007) ("If Plaintiff were successful in his claims in the complaint that during the course of Plaintiff's criminal proceedings the Defendants failed to communicate with him at all and/or had a conflict of interest, then these claims would necessarily call Plaintiff's conviction into question" and therefore were barred by *Heck*.)

As reflected in public records, Hawkins was charged with various offenses in the Court of Common Pleas of Westmoreland County. The docket sheet reflects that he was found guilty of seven drug charges on August 7, 2024. He does not allege that his convictions have been overturned or invalidated nor does the public record reflect any such reversal. As a result, his claims are barred by the *Heck* doctrine.

Because amendment would be futile, the motion to dismiss should also be granted on this basis and the federal claims dismissed with prejudice.[8]

---

[8] Skala also argues that the Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure because it "fails to provide adequate notice of the grounds on which Plaintiff's claims rest." (ECF No. 39 at 10.) However, given that Skala was able to respond to the allegations,

C. Malpractice Claim

Skala argues that the Amended Complaint essentially asserts a legal malpractice claim against him, which he contends is insufficient as a matter of Pennsylvania law. Prior to addressing this argument, however, the Court must first determine whether to exercise jurisdiction over this claim.

The supplemental jurisdiction statute provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

Hawkins' legal malpractice claim arises out of the same set of circumstances and is so related to any federal claim he might be asserting that it forms part of the same case or controversy. *See Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995). Subsection (c) of the supplemental jurisdiction statute, 28 U.S.C. § 1367(c), provides, however, that a district court may, in its discretion, decline to exercise jurisdiction if any of four conditions exist, one of which is if "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). The Court of Appeals has stated that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

---

and in light of the dismissal of Hawkins' claims on other grounds, the Court declines to address this argument.

This case is at an early stage and there are no significant circumstances of judicial economy, convenience, or fairness that justify retaining jurisdiction over the potential malpractice claim. Thus, the state law malpractice claim should be dismissed without under § 1367(c)(3). *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

## V. Conclusion

For these reasons, the motion to dismiss filed by Defendant (ECF No. 38) will be granted and the federal claims against him be dismissed with prejudice. The state law claim of malpractice will be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate order follows.

Dated: August 31, 2026

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

cc: MARCEL HAWKINS
339 BLVD OF THE ALLIES
PITTSBURGH, PA 15222